UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAN NAJERA T.,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-03773-TLN-CSK<br><br>**ORDER** |

This matter is before the Court on Respondents' Motion for Stay or Modification of Order Granting Petition for Writ of Habeas Corpus. (ECF No. 20.) The matter is fully briefed. (ECF Nos. 24, 25, 28.) For the reasons set forth below, Respondents' motion is DENIED.

///

///

///

///

///

///

///

## I. Factual and Procedural Background

This matter arises from Petitioner's habeas challenge to his civil immigration detention. (ECF No. 1.) The Court set forth the underlying facts of this case in its prior Order and incorporates those facts herein. (*See* ECF No. 16 at 2.)

On June 10, 2026, the Court granted the Petition for Writ of Habeas Corpus upon finding Petitioner's detention violated the Fifth Amendment Due Process Clause and ordered his immediate release. (*Id.* at 3–7.) The Court also enjoined Respondents from re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future; or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweigh his constitutionally protected interest in remaining free from detention. (*Id.* at 7–8.)

Respondents now seek a stay of the Court's injunction. (ECF No. 20.) Respondents "ask the Court for express authorization to detain Petitioner without a pre-deprivation hearing, consistent with 8 U.S.C. § 1231(a), to effectuate his removal pursuant to Petitioner's final order of removal dated May 8, 2026[.]" (*Id.* at 1.)

## II. Standard of Law[1]

A district court may suspend, modify, restore, or grant an injunction while appeal is pending from a final judgment that grants an injunction. Fed. R. Civ. P. 62(d). A party must ordinarily move first in the district for a stay of a judgment or order granting an injunction while an appeal is pending. Fed. R. App. P. 8(a)(1).

---

[1] On August 5, 2026, the Ninth Circuit issued an order staying Respondents' related appeal "until the district court determines whether the motion appellant filed on June 26, 2026, is a timely tolling motion under Fed. R. App. P. 4(a)(4), and rules on the motion." (ECF No. 26.) Respondents confirm the instant motion is not a tolling motion under Fed. R. App. P. 4(a)(4) and is instead a motion for a stay brought exclusively under Fed. R. Civ. P. 62(d). (ECF No. 28.) The Court agrees the applicable rule here is Fed. R. Civ. P. 62(d), and rules on the motion as set forth below.

"A stay is not a matter of right" but "is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. U.S.*, 272 U.S. 658, 672–73 (1926) (cleaned up)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34.

In considering whether to grant a stay pending appeal, the Court considers: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The first two factors "are the most critical." *Nken*, 556 U.S. at 434. With respect to likelihood of success, "more than a mere possibility of relief is required." *Id.* at 434 (cleaned up). "By the same token, simply showing some 'mere possibility of irreparable injury,' fails to satisfy the second factor." *Id.* at 434–35 (quoting *Abbassi v. I.N.S.*, 143 F.3d 513, 514 (9th Cir. 1998), *superseded by regulation on other grounds as stated in Singh v. Holder*, 658 F.3d 879 (9th Cir. 2011)).

## III. ANALYSIS

The parties dispute whether the aforementioned factors weigh in Respondents' favor. The Court considers the factors in turn.

### A. Likelihood of Success on the Merits and Irreparable Injury

Respondents argue they have a strong likelihood of success on the merits because Petitioner has a final order of removal and the Department of Homeland Security ("DHS") has a mandatory duty under 8 U.S.C. § 1231(a) ("§ 1231(a)") to detain Petitioner to effectuate his removal. (ECF No. 20 at 2.) According to Respondents, "the Court's Order precludes DHS from carrying out that duty." (*Id.*) Respondents argue "the Due Process Clause does not override the detention mandated by § 1231(a)(2) during the 90-day removal period," and the period of mandatory detention under § 1231(a)(2) is constitutional. (*Id.* at 3 (citing *Khotesouvan v. Morones*, 386 F.3d 1298 (9th Cir. 2004).) Respondents' argument as to irreparable injury is largely the same — Respondents claim they will be irreparably injured absent a stay because they

are "enjoined from effectuating Congress's statutory mandate." (*Id.* at 3–4.)

In opposition, Petitioner argues Respondents' motion repeats the same argument the Court has already considered and rejected. (ECF No. 24 at 3.) Petitioner contends that the Court's Order does not prohibit DHS from taking Petitioner into custody but requires constitutionally adequate process before doing so, and Respondents fail to explain why they cannot provide that process if they believe renewed detention is necessary. (*Id.*)

The Court agrees with Petitioner and finds Respondents have not met their burden to establish a likelihood of success on the merits or irreparable injury. Respondents fail to articulate how the injunction precludes DHS from carrying out its mandate to detain Petitioner under § 1231(a). As Petitioner points out, the Court's Order does not prohibit DHS from taking him into custody. The injunction only requires Respondents provide due process before doing so which, based on the facts and circumstances of Petitioner's case, includes notice and a pre-deprivation hearing. (*See* ECF No. 2 at 3–7 (evaluating the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), and noting that the Supreme Court "usually has held that the Constitution requires some kind of hearing *before* the State deprives a person of liberty or property." (quoting *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original))).)

The Court is unpersuaded by Respondents' reliance on *Khotesouvan*, 386 F.3d 1298, as that case was a different challenge on materially different facts. (ECF No. 20 at 3; ECF No. 25 at 2.) The underlying case here is an as-applied challenge to Petitioner's confinement, not a facial challenge to the statute. *See Doe v. Becerra*, 697 F. Supp. 3d 937, 943 (N.D. Cal. 2023) ("[J]ust as the "shall" in Section 1226 gives way to as-applied due process challenges, so too must the 'shall' in Section 1231(a)."). *Khotesouvan* involved a prolonged detention claim under *Zadvydas*, 533 U.S. 678, whereas this case presents a procedural due process claim. *Khotesouvan*, 386 F.3d at 1299; (ECF No. 16 at 3.) Finally, the petitioners in *Khotesouvan* were at all times detained pursuant to final orders of removal. 386 F.3d at 1299. Petitioner here was arrested and detained for over a month while his removal proceedings were still pending. (ECF No. 16 at 2.) The Court found Petitioner's detention without notice or a pre- or post-deprivation hearing to determine whether his detention was justified violated his Fifth Amendment due process rights

and order relief accordingly. (*Id.* at 3–8.)

For these reasons, the Court finds Respondents fail to show they are likely to succeed on the merits or will be irreparably injured absent a stay.

B. Injury to the Other Party and Public Interest

Respondents do not submit substantive argument on the injury to the other party or public interest factors except to say, "the remaining two factors also favor a stay or modification of the Court's injunctive relief aimed at re-detention." (ECF No. 20 at 4.) Respondents state, "it suffices for the purpose of this quasi-exhaustion exercise that the critical stay factors weigh heavily in favor of relief," and "[a]t a minimum, the public has an interest in DHS carrying out Congress's mandatory directives." (*Id.*)

Petitioner argues the remaining factors weigh against a stay. (ECF No. 24 at 3.) Petitioner submits he would suffer obvious and substantial injury if Respondents are permitted to arrest, detain, and remove him without the process this Court ordered, and the public interest favors compliance with constitutional requirements and the Court's judgment. (*Id.*) Petitioner also contends that "Respondents' statement that they filed this motion to satisfy Federal Rule of Appellate Procedure 8(a)(1) does not itself justify a stay." (*Id.*)

The Court again agrees with Petitioner. Respondents fail to address whether a stay would substantially injure Petitioner. Petitioner explains that it would. Indeed, it is no stretch to conclude that allowing Respondents to re-detain Petitioner without providing the processes the Court found were necessary to protect his constitutional rights would cause significant injury.

Finally, while the public certainly has an interest in DHS carrying out its lawful authority, the public also has an interest in ensuring the government complies with the Constitution. Respondents "cannot reasonably assert that [they are] harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983); *see also Rodriguez v. Robbins*, 715 F. 3d 1127, 1145 (9th Cir. 2013) ("[The government] cannot suffer harm from an injunction that merely ends an unlawful practice[.]").

The risk of injury to Petitioner and the public interest therefore do not support Respondents' request for a stay. Upon consideration of these and the first two stay factors, the

Court finds Respondents fail to meet their burden to establish a stay is justified in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Respondents' Motion for Stay or Modification of Order Granting Petition for Writ of Habeas Corpus. (ECF No. 20.)

IT IS SO ORDERED.

Date: August 17, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE